UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 4:08-cr-00102 |
| Plaintiff, | : | |
| | : | OPINION & ORDER |
| v. | : | [Resolving Docs. 88 & 89] |
| LINNARD O. LAWSON, | : | |
| Defendant. | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Finding that Defendant Linnard Lawson is not eligible for relief under the First Step Act, the Court **DENIES** his sentence reduction motion.[1]

### I. Background

In February 2008, Defendant Lawson was indicted for federal gun and drug possession offenses.[2] The indictment alleged that Lawson possessed 50 grams of cocaine base ("crack cocaine"); under the then-governing regime, a person with two prior drug felony convictions who was found in possession of more than 50 grams of cocaine base faced a statutorily mandated life sentence.[3]

On August 3, 2010, before the case went to trial, the Fair Sentencing Act was enacted into law, which increased the crack cocaine quantity needed for a mandatory life sentence for an offender with two prior convictions from 50 grams to 280 grams of cocaine base.[4] The Grand Jury did not issue a superseding indictment.

---

[1] With this opinion, the Court **DISMISSESS** Defendant's motion to expedite as moot. Doc. 89.
[2] Doc. 1.
[3] 21 U.S.C. § 841(b)(1)(A)(iii) (1996).
[4] Fair Sentencing Act of 2010, Pub. L. No. 111-220 § 2(a)(1), 124 Stat 2372 (2010). Under current law, there is no longer a mandatory life sentence. *See* 21 U.S.C. § 841(b)(1)(A).

Case No. 4:08-cr-00102
GWIN, J.

August 3, 2010 was also the first day of Lawson's trial. On August 5, reflecting the new drug quantity law, the jury found Defendant Lawson guilty of possessing "at least 280 grams" of base cocaine on a special verdict form.[5] After the trial, the Court denied in part and granted in part Defendant's motion for judgment of acquittal, leaving intact the drug possession conviction.[6]

On October 6, 2010, the Court "very reluctantly" imposed a life sentence.[7] President Barack Obama later commuted Defendant's sentence to 360 months.[8]

## II. Discussion

Defendant now moves *pro se* for a reduction under the First Step Act, a 2018 criminal justice reform statute that made various penalties for drug offenses relatively more lenient.[9] The Government opposes.[10]

One of the First Step Act's reforms is that it made the Fair Sentencing Act's statutory changes for base cocaine offenses retroactive to defendants who were sentenced *before* August 3, 2010—the Fair Sentencing Act enactment date. Defendants sentenced *after* August 3, 2010 are not eligible to bring First Step Act motions. This is clear from the statue's text which, under a section titled "LIMITATIONS," establishes that: "No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed [ . . . ] in accordance with [ . . . ] the Fair Sentencing Act of 2010 [. . . .]"[11]

---

[5] Doc. 39.
[6] Doc. 55.
[7] Doc. 86 at 32.
[8] Doc. 87.
[9] *Cf. United States v. Maxwell*, 991 F.3d 685, 688 (6th Cir. 2021).
[10] Doc. 90.
[11] First Step Act of 2018, Pub. L. No. 115-319, § 404(c), 132 Stat. 5194 (2018).

Case No. 4:08-cr-00102
GWIN, J.

Because Lawson was sentenced *after* the Fair Sentencing Act took effect on August 3, 2010, the First Step Act's retroactivity provision does not apply here. Indeed, the jury verdict form complies with the Fair Sentencing Act drug quantity provisions[12] and Lawson referenced the Fair Sentencing Act in his sentencing memorandum.[13]

Further, even if the First Step Act did apply, it would not make a difference here. The jury found that Lawson possessed *more than 280 grams* of cocaine base, meaning that the mandatory life sentence was triggered even under the more lenient Fair Sentencing Act quantity.

The Court understands Lawson's motion to argue that it was a violation of the Supreme Court's *Apprendi v. New Jersey*[14] and *Alleyne v. United States*[15] Sixth Amendment cases to sentence him based on the 280-gram quantity when the indictment only charged 50 grams.[16] But in light on of the above-discussed statutory restriction on which defendants can bring First Step Act motions, this argument is not properly brought here.

And in any event, this argument would likely fail on the merits. The *Apprendi* and *Alleyne* cases impose limits on "judicial factfinding" at sentencing.[17] But here, in a special verdict form, a jury determined that Defendant possessed 280 grams or more of cocaine base.[18]

### III. Conclusion

---

[12] Doc. 39.
[13] Doc. 54 at 15.
[14] 530 U.S. 466 (2000).
[15] 570 U.S. 99 (2013).
[16] Doc. 88 at 3–5.
[17] *Alleyne v. United States*, 570 U.S. 99, 103 (2013).
[18] *Cf. United States v. Long*, 748 F.3d 322, 329 (7th Cir. 2014) (discussing appropriate standard of review on appeal).

Case No. 4:08-cr-00102
GWIN, J.

    The Court **DENIES** Defendant's First Step Act motion.

    IT IS SO ORDERED.

Dated: May 17, 2022                *s/     James S. Gwin*
                                                    JAMES S. GWIN
                                                    UNITED STATES DISTRICT JUDGE